## Burris v. Burris.

(Decided April 30, 1918.)

## Appeal from Pike Circuit Court.

Divorce—Cruel and Inhuman Treatment—Alimony.—A judgment for alimony will not be disturbed on appeal, as the evidence sustains the finding of the chancellor granting divorce to the wife for cruel and inhuman treatment.

CLINE & STEELE for appellant.

STRATTON & STEPHENSON and JOHN H. GREEN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant and appellee were married July 26, 1911, at which time he was fifty-two years of age and she but seventeen.

Prior to that time, appellant, who had never been married, and his maiden sister, some years his senior, had resided together in appellant's home, his sister having full charge of the management of the household. Of this fact, appellee had knowledge and, before the marriage, consented to live with appellant in his home with his sister.

Shortly before the birth of the first child, which occurred within about a year after the marriage, appellee became dissatisfied and left appellant's home, going to that of her father about a half a mile distant, where the child was born, and there remained for five or six months, when she returned to appellant and lived with him until a short time before the second child was born and then again left him and returned to her father's home, since which time she has refused to live with appellant in the same house with his sister, but offered to live with him if he would provide another home for her or his sister, which appellant declined to do.

About two years after the final separation, appellant brought this action seeking a divorce upon the ground of abandonment, in which appellee filed an answer and counter-claim alleging cruel and inhuman treatment and seeking divorce, alimony and custody of her children and an allowance for their support. The chancellor rendered judgment, divorcing the parties, awarding to appellee alimony in the sum of $3,800.00, giving her the custody of both children and an allowance of $20.00 a

month for their support, until otherwise ordered by the court.

The evidence shows that appellant is worth at least $20,000.00, so that neither the alimony nor the allowance for the support of the children is excessive; and the only question involved is whether or not any alimony should have been awarded, which depends solely upon whether the evidence sustains appellee's charge of cruel and inhuman treatment.

Appellant admits that, during the continuance of the marital relationship from July 26, 1911, until March 9, 1914, he bought for his wife only one dress for which he paid about $18.00, gave to her in money four, five, or six dollars, and that, when he was presented with a bill amounting to about $14.00 for merchandise that she had had charged at a neighboring store, he paid the bill but told the merchant to credit her thereafter only for such things as he, the merchant, thought she needed, and only then when she was going toward home and not to do so if she were going toward her father's; that, after their first child was born and while she was staying at her father's, within a half a mile of his residence, he did not go to see her or their child during the five or six months she remained away from him; and his only excuse for this is that, upon one occasion, he went there for the purpose of getting the child and to prevent his doing so his wife locked the door against him. The wife testified that he refused to give her money with which to buy the things she needed and, upon one occasion, refused to give her a nickel to buy some article she wanted to purchase; and that, after her husband had told the merchant not to extend credit to her, she was humiliated upon the merchant's refusal to credit her for material she had purchased to make a cheap dress she needed, and she was forced to borrow a dollar from her uncle to pay for same. Appellee also testified that the sister of appellant, after the marriage, continued in control of the household affairs and "acted ill toward her" whenever she attempted to control or assist in household matters, although expressing a willingness that she might do so; that her husband unjustly accused her of taking a slip of paper, upon which he had written the amount of gold that his sister had in the house, and divulging the amount, and threatened her with violence if she interfered in any way with his sister's affairs;

and that he cursed her and objected to her visiting her parents and upon one occasion, when her father brought her back, threatened to kick her out of the house.

Much of this evidence for the wife is contradicted by the appellant, and there is no evidence of physical violence but ample evidence of conduct as truly cruel and inhuman, if not more so, such as the fact that appellant, although quite prosperous and well to do, was so extremely parsimonious in his treatment of his wife about money matters as to prove not only a lack of affection for her but an actual distrust of, and lack of confidence in, her, which no self-respecting wife could be expected to endure.

The evidence is also conclusive that he was extremely inconsiderate of his wife, who was hardly more than a child herself, during the periods of her pregnancy, when both separations occurred; and her evidence is to the effect that she was denied the rightful authority of a wife in the home during all of the time that she was there.

Appellant's admissions of his attitude toward, and lack of concern about, his wife during the travails of childbirth, and that he did not even attempt to see his first child and did not, in fact, see her until she was about four or five months old, are persuasive that he was either by nature, or by reason of the fact that he lived so long a bachelor, incapable of appreciating or performing the duties of either husband or father; and we do not feel authorized, upon the evidence, in disturbing the very moderate judgment of the chancellor who, no doubt, knew the parties well, especially appellant, who had been sheriff or deputy sheriff of the county for many years.

Wherefore, the judgment is affirmed.